Wheeling-Pittsburgh Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor & Industry, Bureau of Employment Security, Respondent.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Leonard M. Mendelson,* with him *T. Lawrence Palmer, Hollinshead and Mendelson,* for petitioner.

*Robert E. Chernicoff,* Assistant Attorney General, with him *Stephen B. Lipson* and *Herbert W. Hoffman,* Assistant Attorneys General, for respondent.

OPINION BY JUDGE MACPHAIL, October 7, 1980:

Wheeling-Pittsburgh Steel Corporation (Petitioner) has filed this appeal from a final order of the Employer Accounts Review Board of the Department of Labor and Industry (Board) denying Petitioner's request for a redetermination of its 1976 unemployment compensation tax contribution rate and a refund. We affirm.

In 1974, the closing of Petitioner's facilities in Monessen and Allenport resulted in a lay-off of 150 employees. These employees filed for unemployment compensation benefits, which were granted. The Unemployment Compensation Board of Review affirmed the grant of benefits and Petitioner appealed to this Court. In an opinion filed on June 24, 1977, this Court

reversed the decision of the Unemployment Compensation Board of Review. *Wheeling-Pittsburgh Steel Corporation v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 632, 374 A.2d 1004 (1977).

On March 26, 1976, while the Petitioner's challenge to the grant of benefits was proceeding on appeal, Petitioner received a Contribution Rate Notice for 1976 pursuant to Section 301 of the Unemployment Compensation Law (Act).[1] Petitioner's contribution rate for 1976 was increased as a result of the $140,126.35 in benefits paid to the 150 employees. Nonetheless, Petitioner did not file an application for review of its contribution rate.[2]

As we have noted, this Court reversed the award of benefits to the 150 employees on June 24, 1977. On August 23, 1977, Petitioner requested a credit to its account, which was issued for fiscal year 1974 in the amount of $140,126.35. On January 4, 1978, Petitioner for the first time requested a downward revision of its 1976 contribution rate and a refund of the tax it

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §781.

[2] The Notice of Contribution Rate contained the following notice:

PERIOD DURING WHICH APPEAL OF YOUR RATE
MAY BE FILED

The determination by the Bureau of your contribution rate shall become conclusive and binding unless you file an application for review and redetermination setting forth reasons based on fact as to why your rate as determined is incorrect. You must file this application not later than ninety (90) days after the mailing date shown on the front of this notice. The Adjustment Factor (Item M on the front of the notice) is not subject to appeal. Send application to Bureau of Employment Security, Accounting Division, Labor and Industry Building, Seventh and Forster Streets, Harrisburg, Pa. 17121.

paid. The Bureau (now Office) of Employment Security (Bureau) notified Petitioner that the application for adjustment of its contribution rate for 1976 should have been filed within ninety (90) days of the Contribution Rate Notice of March 26, 1976. Because Petitioner had failed to file an application for review of the 1976 contribution rate in the time provided by Section 301 of the Act, the rate had become conclusive and binding. On October 10, 1978, the Board affirmed the accounting division's refusal to review the 1976 contribution rate. Petitioner filed a timely appeal from that adjudication to this Court.

The issue presented for our review is whether an employer is precluded from obtaining a refund where no objection is filed to a notice of contribution rate where the rate has been increased as a result of an award of benefits that is challenged by the employer and where that challenge has been subsequently sustained.

Section 311 of the Act provides that a refund or credit will be allowed for amounts ''erroneously collected'' by the Bureau. Petitioner argues that since the benefits to the 150 employees should not have been paid by the Bureau, any increased tax paid by Petitioner as a direct result of the assessment of $140,-126.35 to its account were amounts ''erroneously collected.'' This argument is based on the decision in *J. H. Bowman v. Department of Labor and Industry,* 60 Dauph. Co. R. 310 (1950). In that case, the court noted that ''[i]t is not whether the department figured the tax correctly on the basis of the available information but whether the tax was in fact correct that determines whether it was erroneously collected.'' *Id.* at 314. The court went on to conclude that, the tax having been erroneously collected, the employer's failure to appeal the incorrect rate pursuant to Section 301 of the Act would not bar a refund because

the Bureau has a duty under Section 311 to refund monies erroneously collected.

Petitioner's reliance on *Bowman* ignores the fact that, by Section 12 of the Act of September 29, 1951, P.L. 1580, the Legislature added the following language to Section 311:

An amount paid as contribution, interest or penalties shall not be deemed to have been erroneousy collected within the meaning of this section if such amount was collected under and pursuant to a notice of contribution rate or a notice of assessment which, because of the applicant's failure to file a timely appeal therefrom, shall have become binding and final against the applicant under the provisions of this act.

43 P.S. §791.

In a case decided subsequent to the 1951 amendments, the Supreme Court of Pennsylvania affirmed the opinion of the lower court which held that a rate once set is binding, even if it is in error, unless redressed within the times and in the manner provided by the Act. *Daystrom, Inc. v. Batt*, 10 D. & C. 2d 39 (1957), *aff'd*, 390 Pa. 586, 136 A.2d 116 (1957).

Clearly, the amount Petitioner seeks was not "erroneously collected" within the meaning of the Act.

Petitioner argues, however, that the ninety (90) day time limit should not apply in the instant case because requiring that an appeal be filed from the Contribution Rate Notice while the appeal from the grant of benefits was pending will result in "numerous collateral appeals." Petitioner contends that this proliferation of litigation would result because the Bureau could only refuse to amend the rate until the merits of the grant of benefits were decided and Petitioner would be forced to appeal from the Bureau's refusal to amend.

This argument ignores Department of Labor and Industry Regulation 63.23, which provides that where issues of benefit eligibility are pending, an application for review of a contribution rate shall be held in abeyance until those issues are resolved. 34 Pa. Code §63.23(3)(iii).

Next, Petitioner argues that its appeal from the grant of benefits is equivalent to an application for review of the contribution rate. This argument is without merit since the granting of unemployment compensation benefits and the computation of the unemployment compensation tax are separate procedures under the Act. As the Bureau notes, the Accounting Division is responsible for issuing rate determinations, but is not involved in benefit eligibility contests. The only reasonable way of putting those persons responsible for rate computation on notice that a grant of benefits is being challenged is to follow the procedures set by the Legislature.

Petitioner had clear notice of how to contest the contribution rate, but failed to do so. What was said in *Daystrom* is particularly apt here: "[i]n both Sections 301 and 311 the time limitations are designed to bring about a period of repose. They thus bar claims of ancient vintage, whether as to rate or refund, but work no hardship to the zealous taxpayer." *Daystrom, supra,* at 43-44.

Accordingly, we affirm the decision of the Board.

## Order

And Now, this 7th day of October, 1980, the adjudication of the Employer Accounts Review Board, dated October 10, 1978, denying the request of Wheeling-Pittsburgh Steel Corporation for redetermination of the contribution rate for 1976 is hereby affirmed.